IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fate T. McClurkin, #263209, ) | C/A No. 0:08-0106-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Robert Stevenson, Warden, Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motions for summary judgment (Docket Entries 28, 32).[1] The petitioner, Fate T. McClurkin ("McClurkin"), a state prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 8, 2008, the respondent filed a return and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). (Docket Entry 28.) By order filed August 11, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 30.) The respondent amended his motion for summary judgment on August 14, 2008 (Docket Entries 32, 33) and the court entered a second Roseboro order on August 18, 2008 (Docket Entry 34). McClurkin filed a motion for an extension of time to file a response to respondent's motion for summary judgment on August 21, 2008 (Docket Entry 36), claiming that he had not yet received the respondent's motion. He then filed a subsequent motion for an extension of time on August 25, 2008 (Docket Entry 37) after he had received the

---

[1] Respondent's motion for summary judgment and accompanying return and memorandum (Docket Entries 29, 30) were amended to remove one argument and re-filed (Docket Entries 32, 33).



respondent's motion. The court issued an order on August 25, 2008 (Docket Entry 38) granting both motions and extending the petitioner's time to respond. Having received no response from McClurkin, the court entered a second order on January 12, 2009, advising McClurkin that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fifteen (15) days in which to file his response to the respondent's motion for summary judgment. (Docket Entry 44.) On January 22, 2009, McClurkin filed a response to the motion for summary judgment, which contained a clocked copy of his response indicating that it had been filed with the court on October 24, 2008. Although the court records do not contain this filing, having received no objections from the respondent, the court finds that McClurkin timely filed his response on October 24, 2008.[2] Accordingly, these motions are now before the court for a Report and Recommendation.

## BACKGROUND

McClurkin was indicted in July 1996 in York County for trafficking in crack cocaine (96-GS-46-2044), carrying a pistol unlawfully (96-GS-46-2046), and possession of crack cocaine with intent to distribute within proximity of a park (96-GS-46-2047). He was further indicted in October 1996 for possession of a gun during the commission of a violent crime (96-GS-46-2045). (See Docket Entry 29, Attachment 4 at Bates Nos. 455-73.) Petitioner was represented by Harry Collins, Esquire, and on December 8, 1999, was tried by a jury and found guilty as charged. (Id., Attachments 1-3 at Bates Nos. 79-331.) The circuit court sentenced McClurkin to concurrent sentences of thirty years and a $50,000 fine on the charge of trafficking in crack cocaine, fifteen years and a $10,000 fine on the charge of possession of crack cocaine with intent to distribute within

---

[2]In any event, McClurkin's response was filed within the deadline established by the court's order of January 12, 2009.



proximity of a park, five years for possession of a firearm while committing a violent crime, and one year for carrying a pistol unlawfully. (Id., Attachment 3 at Bates No. 329.)

Trial counsel timely filed a direct appeal. On appeal, McClurkin asserted the following issues:

> I. The lower court erred in denying appellant's motion for a mistrial after the prosecution repeatedly engaged in improper comments during his initial opening statement at the commencement of the trial and during his closing statement at the conclusion. . . .
>
> II. The court erred in denying appellant's motion for a directed verdict of acquittal. . . .
>
> III. The court erred in allowing into evidence, over appellant's objection, a "card" bearing the name of the appellant with words to the effect that people owed appellant money or had paid him money. . . .

(Docket Entry 29, Attachment 5 at 4.) The South Carolina Court of Appeals affirmed McClurkin's convictions. State v. McClurkin, Unpub. Op. No. 02-UP-588 (S.C. Ct. App. Sept. 24, 2002); (see also Docket Entry 29, Attachment 5 at 41-44). The Court of Appeals concluded that McClurkin's second and third issues were not adequately preserved for appeal because the record submitted by trial counsel did not include counsel's motion for a directed verdict or counsel's arguments objecting to the card. Moreover, the Court of Appeals held that McClurkin's first issue was not preserved for appeal because a curative instruction was given to the jury, after which trial counsel did not object.

Appellate counsel timely filed a petition for rehearing based on the fact that counsel inadvertently failed to include all relevant portions of the pretrial motions transcript and the trial transcript. (See Docket Entry 29, Attachment 7.) The Court of Appeals denied McClurkin's petition for rehearing and the remittitur was issued on January 2, 2003. (Docket Entry 29, Attachment 10.)

On February 24, 2003, McClurkin filed an application for post-conviction relief ("PCR"). (McClurkin v. State of South Carolina, 03-CP-46-502, Docket Entry 29, Attachment 3 at Bates Nos.



333-62). In his PCR application, McClurkin alleged ineffective assistance of trial counsel and appellate counsel, insufficiency of evidence, and a violation of his constitutional rights. (<u>Id.</u> at 334.) Specifically, McClurkin contended that trial counsel was ineffective because counsel "failed to adequately prepare his case, conduct a reasonable investigation into the facts and law of his case, and failed to properly raise vital grounds for his defense." (<u>Id.</u> at 338.) Second, McClurkin argued that "[t]he trial court's denial of [his] motion for a directed verdict of acquittal was an abuse of its discretion when there was no direct []or circumstantial evidence presented by the State during the case-in-chief indicating [McClurkin's] culpability of the crime charged." (<u>Id.</u> at 341.) Third, McClurkin asserted ineffective assistance of appellate counsel for failure to provide a record sufficient for the appeals court to review. (<u>Id.</u> at 343.) Fourth, McClurkin contended that the trial court erred in allowing the card bearing McClurkin's name into evidence. (<u>Id.</u> at 347.) Fifth, McClurkin asserted "[t]he trial court erred in denying [McClurkin's] motion for a mistrial after the prosecution repeatedly engaged in improper comment[]s during his initial opening statement at the commencement of the trial and during his closing statement at the conclusion." (<u>Id</u> at 351.) McClurkin also filed a first and second amended PCR application on May 13, 2004 and August 16, 2004, respectively. In them, McClurkin alleged that (1) trial counsel was ineffective for failure to properly object to several statements and pieces of evidence; (2) appellate counsel was ineffective for failing to present an issue regarding the judge's response to a question by the jury concerning a jury charge; (3) trial counsel was ineffective for failing to call a critical witness; and (4) there was relevant after-discovered evidence that warrants a new trial. (<u>Id.</u> at 365-70.) The State filed a Return on December 21, 2004. (<u>Id.</u> at 389-94.) On March 7, 2005, McClurkin filed a third amended PCR application, asserting that the trial court lacked subject matter jurisdiction. (<u>Id.</u> at 383-88.)

On March 10, 2005, the PCR court held an evidentiary hearing at which McClurkin was represented by Phillip Corson, Esquire.  (Id. at 395.)  On August 12, 2005, the PCR court entered an Order of Dismissal with prejudice, rejecting McClurkin's allegations.  (Docket Entry 29, Attachment 4 at Bates Nos. 445-54.)

On August 8, 2005, Attorney Corson timely filed a Notice of Appeal with the South Carolina Supreme Court.  (Docket Entry 29, Attachment 11.)  McClurkin was represented by Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense.  On March 29, 2006, Attorney Pachak filed a Petition for Writ of Certiorari, in which he raised the following issue:

> Whether appellate counsel was presumptively ineffective in failing to provide a record sufficient for review of the issues presented on appeal?

(Docket Entry 29, Attachment 12.)  The State filed a return to the petition on June 8, 2006.  (Docket Entry 29, Attachment 13.)  The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals.  (Docket Entry 29, Attachment 14.)  On September 13, 2007, the South Carolina Court of Appeals denied the petition for a writ of certiorari.  (Docket Entry 29, Attachment 15.)  The remittitur was issued on October 1, 2007.  (Docket Entry 29, Attachment 16.)

In McClurkin's petition for a writ of habeas corpus filed in this court, he raises the following claims:

> **Ground One:**  Authentication of the Card
> **Supporting Facts:** Petitioner argues the circuit court erred in admitting the card into evidence because it was not properly authenticated.
>
> **Ground Two:**  (Ineffective Assistance of Appellate Counsel) Directed Verdict
> **Supporting Facts:**  The S.C. Court of Appeals declined to address this issue on its merits because appellate counsel failed to designate and submit the (matter on appeal) so raised, argued and contained in the record. This was 'harmful' error on part of appellate counsel and, but for counsel's egregious error the outcome of the review would have been different. Evitts v. Lucey.



> **Ground Three:** Mistrial Motion Regarding Solicitor's Comments
> **Supporting Facts:** The court erred in refusing to grant a mistrial when certain prejudicial comments were made by the solicitor on several different occasions during opening and closing statements. Curative instructions were insufficient to diminish the taint caused in the minds of jurors; mistrial was "the only" proper course of action in light of those improper comments.

(See Pet., Docket Entry 1.)

### DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further,

PJG

while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review**

   **1.     Generally**

McClurkin's petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



**2.     Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Discussion**

**1.     Ground One**

McClurkin's first ground for relief is "Authentication of the Card."[3] McClurkin challenges the admission of this card into evidence based on his allegation that it was not properly authenticated.

Trial counsel objected to the inclusion of this card at trial and McClurkin raised this issue in his direct appeal. However, on direct appeal, the Court of Appeals concluded that this issue was not adequately preserved for appeal because the record submitted by counsel did not include trial

---

[3]The "card" lists names followed by monetary amounts paid or owed to "Fate" along with several calculations. (See Docket Entry 29, Attachment 9.)



counsel's arguments objecting to the card. The court dismissed McClurkin's claim because he failed to satisfy the procedural requirements to present a record sufficient for the court to rule on this issue. Under South Carolina law, appellate courts dismiss or decline to consider issues when the appellant fails to provide an adequate record on appeal. See Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs., 641 S.E.2d 895 (S.C. 2007); Porter Bros., Inc. v. Specialty Welding Co., 331 S.E.2d 783 (S.C. Ct. App. 1985); State v. Knighton, 512 S.E.2d 117 (S.C. Ct. App. 1999); Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(c) and (2), the appellate court will not consider any fact which does not appear in the record on appeal."). Since McClurkin failed to properly present this claim to the state appellate court and his claim was denied on independent state procedural grounds, he is procedurally barred from asserting this claim in federal court, unless he can demonstrate sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider this claim. See Lawrence, 517 F.3d at 714; Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999); Coleman, 501 U.S. at 750.

In this case, McClurkin has not alleged cause[4] or actual prejudice for procedurally defaulting on this claim; thus, to prevail on this ground, he must show a fundamental miscarriage of justice. To demonstrate this, a petitioner can show "actual innocence," which McClurkin alleges in his response to the respondent's motion for summary judgment. (See Docket Entry 46, Attachment 1 at 1.) However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). McClurkin's assertion that he is actually innocent, without more, does not satisfy this standard. Id. Accordingly, McClurkin's claim is procedurally barred.

---

[4]"Cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).



Even considering the merits of this claim, it is an insufficient cause for relief. McClurkin appears to rest this claim on state evidentiary law, alleging that the admission of the card violates Rule 901 of the South Carolina Rules of Evidence. Claims relating to the admissibility of evidence under state law are not reviewable by a federal habeas court absent extraordinary circumstances. See Spencer v. Murray, 18 F.3d 237 (4th Cir. 1994) ("[T]he admissibility of evidence under state law is not a question we consider on the merits on habeas review."); Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991) (stating that absent extraordinary circumstances, questions of admissibility of evidence are matter of state law). Accordingly, this issue is not cognizable in a federal habeas court, absent a showing of extraordinary circumstances, which McClurkin has not demonstrated. In McClurkin's response to the respondent's motion for summary judgment, he also states that "admission of the card was an abuse of [the court's] discretion as well as a 'contrary to' and 'unreasonable application' of clearly established United States Supreme Court precedent and a violation of the United States Constitution's Fifth, Sixth, and Fourteenth Amendments." (Docket Entry 46, Attachment 1 at 3-4.) However, this conclusory statement, without more, is insufficient to support a constitutional claim. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (internal citations omitted); Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not [rise] to a constitutional issue in a habeas case.").[5]

---

[5]Furthermore, the respondent appears to be correct in his assertion that admission of the card was proper under South Carolina evidence law. (See Resp't's Am. Return & Mem. in Supp. of Summ. J. at 21-23, Docket Entry 23.)



**2.     Ground Two**

McClurkin's second ground for relief is "(Ineffective Assistance of Appellate Counsel) Directed Verdict."  McClurkin alleges that his appellate counsel was ineffective for failing to properly designate and submit the appropriate portions of the transcript that pertained to this issue on appeal.[6]  McClurkin argues that this error was harmful and that the outcome of the review would have been different if counsel had supplied the proper record.  Based on McClurkin's brief on direct appeal, it appears McClurkin argued that he was entitled to a directed verdict on the charges relating to the cocaine.  (Docket Entry 29, Attachment 5 at 15-19.)

A defendant has a constitutional right to the effective assistance of appellate counsel.  Evitts v. Lucey, 469 U.S. 387, 396-97 (1985).  To demonstrate ineffective assistance of counsel, McClurkin must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation[7] and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the second prong of Strickland, McClurkin "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  In other words, McClurkin must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal."  Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted).  McClurkin alleges

---

[6]The PCR court considered and rejected this argument. (Docket Entry 29, Attachment 4 at Bates Nos. 445-54.)

[7]The respondent does not appear to contest McClurkin's allegation that appellate counsel was deficient in his representation.



that the result of his appeal would have been different, implying that the Court of Appeals would have reversed his conviction on the directed verdict issue if the appropriate portion of the transcript were included in the record on appeal.

> The South Carolina Supreme Court has described a directed verdict as follows:
>
> When a motion for a directed verdict of acquittal is made in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight. The accused is entitled to a directed verdict when the evidence merely raises a suspicion of guilt. The accused also is entitled to a directed verdict when the State fails to present evidence on a material element of the offense charged. *However, if the State presents any evidence which reasonably tends to prove the defendants[sic] guilt, or from which the defendants[sic] guilt can be fairly and logically deduced, the case must go to the jury*. On appeal from the denial of a motion for directed verdict, this Court must view the evidence in a light most favorable to the State.

State v. Pittman, 647 S.E.2d 144, 153 (S.C. 2007) (emphasis and alternations in original) (quoting State v. Brown, 602 S.E.2d 392, 395 (S.C. 2004)). At McClurkin's trial the State presented evidence that McClurkin was sitting in a chair in the house where the crack was sold when the police entered the house. (Docket Entry 29, Attachment 1 at Bates No. 133.) Evidence was also presented that the crack was found in a couch in close proximity to McClurkin's seat, that a card listing amounts paid and owed to "Fate" was found on the couch, that a pager on a table belonged to McClurkin, that McClurkin had $830 in cash in his pockets, and that a weapon was found under the cushion of McClurkin's seat. (Id., Attachments 1-2 at Bates Nos. 138, 141, 143, 145-47, 152, 208.) The PCR Court found that to the extent that appellate counsel erred, the error was harmless based on the fact that a directed verdict would not have been granted by the trial court, and that ruling would have been affirmed on appeal. (Id., Attachment 3 at Bates No. 452.)

At the time of McClurkin's charge and conviction, trafficking in crack cocaine was defined as follows:



> A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of ice, crank, or crack cocaine . . . is guilty of a felony which is known as "trafficking in . . . crack cocaine."

S.C. Code Ann. § 44-53-375. The respondent argues that, viewing this evidence in the light most favorable to the State, this evidence was sufficient to withstand a motion for directed verdict and, therefore, McClurkin's argument that he was prejudiced under the second prong of Strickland fails. In response, McClurkin relies on State v. Heath, 635 S.E.2d 18 (S.C. 2006). McClurkin argues that his case is similar to the facts in Heath, which reversed a trial court's denial of a directed verdict for trafficking in crack cocaine based on the fact that the State failed to present evidence that Heath was in constructive possession of crack. In Heath, Heath was outside in front of the house washing his car when the police arrived to search his mother's house, where Heath also resided. The police recovered crack cocaine from the house and in a car wash mitt near the back door of the house. The South Carolina Supreme Court found that these facts alone were insufficient to demonstrate that Heath had constructive possession, which requires the State to show that he "had dominion and control, or the right to exercise dominion and control," over the crack cocaine. Id. at 329.

However, McClurkin's facts are different from those in Heath. Constructive possession may be established by either circumstantial or direct evidence. Id. "If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused," then "the case was properly submitted to the jury." State v. Stanley, 615 S.E.2d 455, 464 (S.C. Ct. App. 2005). In Stanley, the South Carolina Court of Appeals, considering facts more similar to those in McClurkin's case, found that the trial court properly denied a motion for a directed verdict. In that case there was additional evidence connecting the drugs to the defendant and demonstrating



constructive possession. In McClurkin's case, more evidence existed than in Heath and the evidence reasonably tended to prove that McClurkin had dominion and control over the drugs. Therefore, McClurkin was not entitled to a directed verdict on this charge.

For similar reasons, McClurkin was not entitled to a directed verdict on the charge of possession with intent to distribute within proximity to a park. At the time McClurkin was charged and convicted, to prove possession with intent to distribute within proximity to a park, the State had to demonstrate that McClurkin was in possession of crack cocaine, he intended to distribute the crack cocaine, and at the time he was arrested, he was within five-tenths (0.5) of a mile of a public park. S.C. Code Ann. § 44-53-445. Based on the discussion above, the evidence reasonably tended to prove that McClurkin possessed the crack cocaine. South Carolina law provides a statutory inference that an individual in possession of more than one (1) gram of crack cocaine intends to distribute it. S.C. Code Ann. § 44-53-375(B). There was evidence presented at McClurkin's trial that more than 11.3 grams of crack cocaine were found in the couch, thus the inference applies. (Docket Entry 29, Attachment 2 at Bates No. 231.) Evidence was also presented that the possession of crack cocaine occurred within one-tenth of a mile of a park maintained by the City of Rock Hill. (Id. at 163.) Therefore, the State presented sufficient evidence on all elements of the charge to survive a directed verdict motion.

Since McClurkin was not entitled to a directed verdict on these charges, he cannot demonstrate that his appellate counsel's failure to include portions of the transcript relating to his directed verdict motion prejudiced him as required under Strickland. Accordingly, McClurkin is not entitled to habeas relief on this ground.

**3.     Ground Three**

McClurkin's third ground for relief is "Mistrial Motion Regarding Solicitor's Comments." McClurkin alleges that the trial court erred in failing to grant a mistrial based on prejudicial remarks in the solicitor's opening and closing statements and that curative instructions were insufficient.

Trial counsel objected to the solicitor's comments on several occasions during the trial and moved for a mistrial. The trial court denied McClurkin's motion for a mistrial but provided a curative instruction to the jury. McClurkin raised this issue in his direct appeal to the Court of Appeals; however, the Court of Appeals declined to address the merits of McClurkin's claim because it was not preserved for appeal. The Court of Appeals noted that although counsel moved for a mistrial, a curative instruction was given. To preserve this issue for appeal, the court stated that McClurkin would have needed "to challenge the sufficiency of the instructions or to again move for a mistrial after [the curative instructions] were issued" because a curative instruction is deemed to have cured any possible error. See State v. McClurkin, Unpub. Op. No. 02-UP-588 (S.C. Ct. App. Sept. 24, 2002) (citing State v. George, 476 S.E.2d 903, 912 (S.C. 1996); State v. Pace, 523 S.E.2d 466, 471-72 (S.C. Ct. App. 1999)); (Docket Entry 29, Attachment 5 at 41-44). Determining that McClurkin made neither challenge, the Court of Appeals found that McClurkin did not satisfy the procedural requirements to preserve this issue for appeal. Since McClurkin failed to properly present this claim to the state appellate court and his claim was denied on independent state procedural grounds, he is procedurally barred from asserting this claim in federal court unless he can demonstrate sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider this claim. See Lawrence, 517 F.3d at 714; Weeks, 176 F.3d at 269; Coleman, 501 U.S. at 750.

McClurkin has not alleged cause or actual prejudice for procedurally defaulting on this claim; thus, to prevail on this ground, he must show a fundamental miscarriage of justice will occur. As discussed above, this may be demonstrated by a showing of "actual innocence." McClurkin's statement that he is actually innocent, without more, does not satisfy this standard. See Royal, 188 F.3d 239 (requiring that to establish "actual innocence" a petitioner must produce new evidence that was not available at trial to establish his factual innocence). Accordingly, the court finds that this claim is procedurally barred.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motions for summary judgment (Docket Entries 28, 32) be granted.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 11, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).