IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Fate T. McClurkin, #263209, | ) | C.A. No. 0:08-0106-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Robert Stevenson, Warden, Broad River Correctional Institution | ) ) | |
| | ) | |
| Respondent. | ) ) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1.) The respondent filed a return and amended return on August 8 and 14, 2008, respectively. (Docs. 29 & 33.) Respondent also filed a motion for summary judgment on August 14, 2008. (Doc. # 32.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed August 18, 2008 that she had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 34.) Petitioner requested extensions to respond to respondent's motion, (Docs. # 36 & 37) and was granted extension until October 22, 2008 (Doc. # 38).

Petitioner failed to respond under the extension provided and on January 12, 2009, United States Magistrate Judge Paige Jones Gossett advised the petitioner that failure to file a responsive brief to respondent's motion for summary judgement would result in a recommendation of dismissal of petitioner's claims. (Doc. # 44.) On January 22, 2009, petitioner filed a response. (Doc. # 46.)

On February 12, 2009, pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.),

1

Magistrate Judge Gossett filed a Report and Recommendation (the "Report") on respondent's motion for summary judgment. (Doc. # 50.) Therein Magistrate Judge Gossett recommended that respondent's motion for summary judgment be granted. (Id.)

This matter is now before the undersigned for review of the Report. On February 25, 2009, petitioner filed a motion for leave to extent the time to object to the Report. (Doc. # 52.) This Court granted petitioner's motion for an extension of time to respond until March 16, 2009. (Doc. #53.) Petitioner has filed objections to the Report. (Doc. # 55.)

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 50), petitioner's objections are **OVERRULED** (Doc. # 55); and respondent's motion for summary judgment is **GRANTED** (Doc. # 32) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

                                               s/Terry L. Wooten
                                               United States District Judge

March 20, 2009
Florence, South Carolina

3